**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**J. Mark Coulson**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**P:(410) 962-4953 — F:(410) 962-2985**

September 2, 2026

LETTER MEMORANDUM OPINION AND ORDER TO ALL COUNSEL OF RECORD

RE: *Brian M. v. Frank Bisignano, Social Security Administration*
Civil No. 8:25-cv-03779-JMC

Dear Counsel:

Brian M. ("Plaintiff") petitioned this Court on November 18, 2025, to review the Social Security Administration's ("SSA" or "Defendant") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (ECF No. 1). The Court has considered the record in this case as well as the parties' dispositive filings. (ECF Nos. 14, 16, 17). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). The Court must uphold an agency decision if the decision is supported by substantial evidence and was reached through application of the proper legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REMAND the case to the SSA for further consideration for the reasons explained below.

## I. Procedural Background

Plaintiff filed his Title II application for DIB and Title XVI application for SSI on July 26, 2019, alleging disability as of September 5, 2020. (Tr. 140, 145, 437–442, 443–444).[1] Plaintiff's claim was denied initially on July 22, 2021, and upon reconsideration on April 14, 2022. *See id.* at 140, 164–168, 169–173, 175–177, 178, 182. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 137–152. ALJ John Kooser conducted a telephone hearing on March 28, 2023. *See id.* at 140. ALJ Kooser subsequently determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. *Id*. at 148. Thereafter, Plaintiff requested the Appeals Council to review the decision of the Administrative Law Judge. *See id.* at 153–156. On February 20, 2024, the Appeals Council granted the Plaintiff's Request for Review, vacated the hearing decision, and remanded the Plaintiff's claims for further proceedings because the recording of the original proceeding was defective. *Id.* After a hearing on January 6, 2025 (Tr. 18), ALJ F.H. Ayer determined that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.* at 18–28. Thereafter, the Appeals

[1] When the Court cites to "Tr.," it is citing to the official transcript (ECF No. 13) filed in this case. When citing to specific page numbers within the official transcript, the Court is referring to the page numbers provided in the lower right corner of the official transcript pages.

Council affirmed the ALJ's decision. *Id.* at 1–6.

## II. The ALJ's Decision

In arriving at the decision to deny Plaintiff's claims, the ALJ (and subsequently the Appeals Council) followed the five-step sequential evaluation of disability set forth in the Secretary's regulations. 20 C.F.R. § 416.920. "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the first three steps do not yield a conclusive determination, the ALJ must then assess the claimant's RFC, "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work[,]" by considering all of the claimant's medically determinable impairments regardless of severity. *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The claimant bears the burden of proof through the first four steps of the sequential evaluation. If the claimant makes the requisite showing, the burden shifts to the SSA at step five to prove "that the claimant can perform other work that exists in significant numbers in the national economy, considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

At step one in this case, the ALJ and Appeals Council found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability from the date of September 5, 2020. (Tr. 20). At step two, the ALJ and Appeals Council determined that Plaintiff suffered from the following severe impairments:

> obstructive sleep apnea, lumbar spine degenerative disc disease with spondylosis and facet arthropathy, degenerative disc disease of the cervical spine, and obesity (20 CFR 404.1520(c) and 416.920(c)).

*Id.* at 21.

The ALJ and Appeals Council also determined that Plaintiff suffered from the following non-severe impairments:

> The record also reflects history of hypertension and hyperthyroidism, although these conditions appear well managed with medications (e.g., 7F). The record also notes tinnitus, although primarily by way of history, and the record does not show evidence of persistent symptoms more than minimally interfering with his functioning (e.g., 3F). His hearing appeared intact on examination (6F/2). Therefore, the record supports a finding that these impairments have not caused more than minimal limitation in the ability to perform basic work activities for twelve consecutive months, and are considered "non-severe."
>
> The claimant's medically determinable mental impairments of depressive and anxiety disorder considered singly and in combination, do not cause more than

> minimal limitation in the claimant's ability to perform basic mental work activities and are therefore "non-severe." In making this finding, the undersigned has considered the four broad areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1). These four areas of mental functioning are known as the "paragraph B" criteria. The undersigned finds the claimant has a mild limitation in understanding, remembering, or applying information, mild limitation in interacting with others, a mild limitation in concentrating, persisting, or maintaining pace, and a mild limitation in adapting or managing oneself. Medical consultants at the initial and reconsideration levels of review concluded the claimant had no more than a mild limitation in mental functioning, citing evidence of improvement with treatment and unremarkable signs on examination (3A, 4A, 7A, and 10A). This is consistent with the other evidence of record, which has generally reflected the claimant's favorable response to mental health care (e.g., 1F/61 and 11F). Ultimately, greater limitation is also inconsistent with the updated evidence of record, with a March 2024 mental status examination demonstrating the claimant's stable mood, full range of affect, and intact cognition (11F/102/104). In April 2021, the claimant reported being "the best at following instructions" and overall did not indicate his conditions affect his mental functioning (3E/6). He reported being able to pay attention for a "long time" (Id.). He indicated handling stress "very well" and being able to adapt to changes (3E/7). Although the record reflects a long history of drug and alcohol abuse, there is also evidence of improvement. In April 2022, the claimant denied illicit drug abuse, which was reflected I the record as "in remission (10F/176/180). In March 2024, the claimant did not report any substance abuse (10F/100). In June 2024, the claimant reported maintaining his sobriety (11F/96). Because the claimant's medically determinable mental impairments cause no more than "mild" limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, they are "non-severe" (20 CFR 404.1520a(d)(1) and 416.920a(d)(1)).

*Id.* At step three, the ALJ and Appeals Council determined that Plaintiff's impairments or combination of impairments do not meet or equal one of the listed impairments in the regulations. *Id.*; 20 CFR §§ 404(p), Appendix I (20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.925, 416.926). Finding that Plaintiff had not proved that one or more of the above-mentioned severe impairments met or equaled one of the listed impairments in the SSA regulations, the ALJ determined Plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). More specifically, the claimant has the ability to occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk about 6 hours in an 8-hour workday, sit for a total of about 6 hours in an 8-hour workday, occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl, and never climb ladders, ropes, and scaffolds. He requires the ability to alternate between sitting and standing about every 30 minutes

> but can still stand and/or walk about 6 hours in an 8-hour workday and sit for a total of about 6 hours in an 8-hour workday.

*Id.* at 24. The ALJ further reasoned,

> The undersigned also considered the opinion of P. May Ph.D. at the initial level of review in July 2021, who concluded the claimant has a had no more than a mild limitation in mental functioning (3A and 4A). Louis Perrott, Ph.D. concurred at the reconsideration level of review in April 2022 (7A and 10A). The undersigned is persuaded. Their opinions appeared well supported by their reviews of the record citing evidence of improvement with treatment and unremarkable signs on examination (3A, 4A, 7A, and 10A). This is consistent with the other evidence of record, which has generally reflected the claimant's favorable response to mental health care (e.g., 1F/61 and 11F). Ultimately, greater limitation is also inconsistent with the updated evidence of record, with a March 2024 mental status examination demonstrating the claimant's stable mood, full range of affect, and intact cognition (11F/102/104). In April 2021, the claimant reported being "the best at following instructions" and overall did not indicate his conditions affect his mental functioning (3E/6). He reported being able to pay attention for a "long time" (Id.). He indicated handling stress "very well" and being able to adapt to changes (3E/7).

*Id.* at 24–25. The ALJ further noted that the Plaintiff had no relevant past work. *Id.* at 27.

Finally, given Plaintiff's RFC, age, education, and work experience, the ALJ determined that Plaintiff could perform the following jobs which existed in significant numbers in the national economy: (1) a Sales Attendant (DOT #299.677-010), SVP 2, light exertion, 133,000 jobs nationally; (2) a Office Assistant (DOT #239.567-010), SVP 2, light exertion, 64,000 jobs nationally; and (3) Gate Attendant (DOT #344.667-010), SVP 2, light exertion, 14,000 jobs nationally. *Id.* at 27–28. Accordingly, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from September 5, 2020, through the date of the ALJ's decision. *Id.* at 28.

## III. Legal Standard

The Court reviews an ALJ's decision to ensure that the ALJ's findings are supported by substantial evidence and were reached through an application of correct legal standards. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, . . . [which] consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.* (other citation and internal quotations omitted). In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## IV. Analysis

Plaintiff argues on appeal that the ALJ's decision was not supported by substantial evidence. Specifically, Plaintiff faults the ALJ's and Appeals Council's RFC determination on several grounds: (1) the ALJ "erred by finding that plaintiff's mental impairments of major depressive disorder, post-traumatic stress disorder ("PTSD"), and anxiety disorder" were non-severe; and (2) the ALJ failed to consider whether a sit/stand option requires an accommodation. (ECF No. 14 at 2). For the reasons that follow, the ALJ's and Appeals Council's RFC determination is not supported by substantial evidence. As such, I will remand the case.

a. The ALJ's Erred by Failing to Consider and Whether PTSD Constitutes a Severe Impairment at Step Two

Plaintiff begins his brief by arguing that the "ALJ erred by finding that Plaintiff's medically determinable impairments of major depressive disorder, PTSD, and anxiety disorder were not severe impairments at step two." (ECF No. 14 at 11). However, Plaintiff's brief later claims that the ALJ erred in deciding that Plaintiff's major depressive disorder and anxiety disorder were not severe, but with regard to Plaintiff's PTSD, Plaintiff alleges that the "ALJ failed to even consider whether PTSD was a limitation at all." *Id.* at 12. Plaintiff argues that the ALJ's failure to consider whether Plaintiff's PTSD was a severe medically determinable impairment, despite Plaintiff's symptoms, history, and diagnoses constitutes reversable error. *Id.* The Court finds Plaintiff's argument persuasive.

Step two requires an ALJ to evaluate a claimant's mental impairments. 20 C.F.R. § 404.1520. The ALJ must determine whether a claimant has any "medically determinable impairments" and, if so, whether any one, or any combination, of these impairments is "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1521, 1523(c). For an impairment to be "medically determinable," it "must be established by objective medical evidence from an acceptable medical source." *Kareem H. v. O'Malley*, CDA-23-1493, 2024 U.S. Dist. LEXIS 121642, 2024 WL 3378016, at *2 (D. Md. July 11, 2024) (quoting 20 C.F.R. §§ 404.1521, 416.921). "The SSA defines 'objective' evidence as 'anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques.'" *Id.* However, as this Court has previously explained, "[t]he regulations are less clear as to the threshold showing needed to trigger an ALJ's obligation to consider, and explain, whether a claimant has a specific medically determinable impairment." *Vallaree D. v. Bisignano*, No. CV 25-0644-DRM, 2026 WL 892914, at *2 (D. Md. Mar. 31, 2026).

"[A]n impairment can be considered as not severe only if it is a slight abnormality which has such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984) (emphasis in original). The claimant bears the burden of proving that his impairment is severe. *See Johnson v. Astrue*, No. PWG–10–3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir.1995)).

However, failure "to consider whether an impairment constitutes a severe impairment at step two is not necessarily reversible error." *Crystal S. v. Kijakazi*, No. CV MJM-20-3717, 2022

WL 4539717, at *3 (D. Md. Sept. 28, 2022). "Couts have found that an ALJ's failure to consider whether a particular condition constitutes a severe impairment at step two may be harmless error if the ALJ determined that a claimant has at least one other severe impairment and fully considered the condition in question, along with all other impairments, at the subsequent steps. *Id.* That being said, "failing to consider whether an impairment constitutes a severe impairment at step two may not be harmless if the ALJ omitted to consider it at the subsequent steps." *Id. See Ashley B. v. Bisignano*, No. CV 25-0376-DRM, 2026 WL 828937, at *1 (D. Md. Mar. 26, 2026) (holding that an ALJ failed to adequately analyze whether an alleged condition constituted a medically determinable impairment); *Vallaree D.*,2026 WL 892914, at *3.

Here, Plaintiff correctly observes that the ALJ's opinion is completely devoid of any reference to PTSD. (Tr. 18–28). Although the ALJ expressly determined that Plaintiff's major depressive disorder and anxiety disorder were non-severe, the ALJ neither identified PTSD as a medically determinable impairment nor explained why the record was insufficient to establish PTSD as such an impairment. *Id.* That omission is significant because the record contains several references to PTSD, including diagnoses, documented symptoms, and treatment with medication. (Tr. 668, 712, 716–717, 720–721, 724–725, 737, 1736, 1754, 1787–1790, 1794, 1821, 1842, 1860). Plaintiff also scored a four on a PC-PTSD screening at an April 11, 2022 medical appointment. (TR. 1931). While the court makes no determination as to whether Plaintiff's PTSD constituted a medically determinable impairment, the ALJ's did not address whether PTSD constituted a medically determinable impairment at all, much less whether it satisfied the separate severity requirement. The ALJ's opinion therefore leaves the Court unable to determine whether the ALJ considered the evidence concerning PTSD and found it unavailing or whether the ALJ simply failed to consider the condition. *See Ashley B.*, 2026 WL 828937, at *3 (remanding where the ALJ failed to determine whether the Plaintiff's condition constituted a medically determinable impairment and provided no analysis permitting the court to determine whether substantial evidence supported the omission); *Vallaree D.*,2026 WL 892914, at *3 (remanding where the ALJ the Plaintiff's anxiety medically determinable but provided no explanation for failing to find depression medically determinable despite numerous references to both conditions throughout the record).

Defendant's response does not address Plaintiff's argument that the ALJ erred by failing to consider whether Plaintiff's PTSD constituted a severe medically determinable impairment. Instead, Defendant responds only to Plaintiff's allegations that the ALJ erred in finding his major depressive disorder and anxiety disorder to be non-severe. (ECF No. 16 at 4–10).

The Court notes that even if the ALJ failed to consider whether Plaintiff's PTSD constitutes a severe impairment or a medically determinable impairment at step two, such an error would be harmless "if the ALJ determined that the claimant has at least one other severe impairment and fully considered the condition in question, along with all other impairments, at the subsequent steps." *Crystal S. v. Kijakazi*, 2022 U.S. Dist. LEXIS 177401, *8–9 (2022). This rule does not resolve the error here because, as the Court previously noted, the ALJ's opinion makes no mention of Plaintiff's PTSD at step two or any subsequent step. As such, the ALJ's error is not harmless as the lack of analysis leaves the Court unable to determine whether substantial evidence supported the ALJ's determination, requiring remand on that basis. *See Jackie T. v. Kijakazi*, No. BAH-22-1309, 2023 U.S. Dist. LEXIS 16050, 2023 WL 1424573, at *3 (D. Md. Jan. 30, 2023) ("Because

severity is not a high bar, an analysis of the medical evidence is essential. . . . Without such analysis, this Court cannot determine whether the ALJ's Step Two determination was based on substantial evidence.") (quoting *Exum v. Astrue*, No. SAG-11-2073, 2012 U.S. Dist. LEXIS 154178, 2012 WL 5363445, at *2 (D. Md. Oct. 26, 2012)).

Therefore, I will remand the case for further proceedings and direct the ALJ incorporate a discussion of Plaintiff's PTSD. Because the case is being remanded for the reasons stated above, I express no opinion as to Plaintiff's other arguments. The ALJ may address those arguments on remand.

## V. Conclusion

In sum, the Court agrees with Plaintiff that the ALJ and subsequently the Appeals Council improperly failed to consider whether Plaintiff's PTSD constituted a medically determinable impairment. Because the ALJ's decision contains no analysis of Plaintiff's PTSD, the Court cannot determine whether the ALJ considered the condition or whether substantial evidence supports the ALJ'S omission of PTSD from the sequential evaluation. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED and the case is REMANDED for further proceedings consistent with this Letter Order and Opinion. In so holding, the Court expresses no opinion as to the validity of the ALJ's and Appeals Council's ultimate disability determination. The Clerk of the Court is accordingly asked to CLOSE this case.

Despite the informal nature of this letter, it is an Order and Opinion of the Court, and the Clerk is directed to docket it as such.

Sincerely yours,

/s/

J. Mark Coulson
United States Magistrate Judge